IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY, | CV 19-00066-H-BMM–JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| REGINAL MICHAELS, LYNN GUYER, GALE BUTLER, SCOTT GRINDER, DENNIS KEELO, TERRIS HOSACK, CHRIS ZACHER, BRUNO KRAUS, and BILL WEDDINGTON, | |
| Defendants. | |

Plaintiff Charles Clary has filed a Notice regarding his Disclosure Statement (Doc. 20), a Notice regarding issues he is having with Montana State Prison (MSP) staff and their attorney (Doc. 21), and a document entitled "Order, to Show Cause for an Preliminary Injunction, and Temporary Restraining Order" (Doc. 22.) The Court will address Mr. Clary's filings.

## I. Disclosure Statement

On March 2, 2020, this Court issued an Order requiring Mr. Clary to file an initial disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order on or before March 20, 2020. (Doc. 19.) Mr. Clary filed a Notice on March 10, 2020 indicating that he mailed his disclosure statement and the required evidence disclosures to Defendants' attorney. (Doc. 20.) Mr. Clary,

however, did not file a copy of his disclosure statement with the Court as required by the Court's Scheduling Order.  Mr. Clary must file a copy of his disclosure statement with the Court on or before April 24, 2020.

## II.  Notice regarding Issues

On March 20, 2020, Mr. Clary submitted six pages of documents to the Clerk of Court as evidence of issues he was having with Montana State Prison staff and their attorney.  (Doc. 21.)  The Court will not consider these documents, nor any other evidence submitted that is not associated with a motion.  Should Mr. Clary seek action from this Court he must file a motion.

Mr. Clary also sought assurance that the COVID-19 virus would not effect his "scheduling filing orders."  The Court can make no such assurance.  The World is faced with an unprecedented pandemic and it is impossible to foresee what impact it may or may not have on the Court and federal litigation.

Due to the COVID-19 crisis, the United States District Court for the District of Montana has agreed with Montana State Prison officials to temporarily deviate from Standing Order DLC-46 in that legal documents from inmates at Montana State Prison to be filed in this Court should be sent to the low side library through the Prison mailroom for scanning and e-mailing to the Court or sent directly to the Court through the U.S. Mail.  The Court would prefer that filings still be scanned and e-mailed to the Court through the Prison library, but it will accept prisoner

filings through the U.S. Mail.  Original documents will not be returned if sent

through the U.S. Mail.

Should the parties need extensions or other accommodations due to the

COVID-19 crisis, they should file a motion with the Court.

## III.  Motion for Temporary Restraining Order

Mr. Clary has filed a proposed order which the Court has construed as a

motion for a temporary restraining order.  (Doc. 22.)  In this filing, Mr. Clary

states:

> Enjoining the defendants, their successors in office, agents and
> employees and all other persons acting in concern and participation
> with them, action requested, is for all M.S.P., Montana Correctional
> Enterprises, prison inmate workforce that does effectively sustain
> prison population daily lifestyle.  Such as Food Service, inmate prison
> population laundry, Canteen – due to the fact that all prisoners are
> forced to buy over-the-counter medication to combat the coronavirus.
> Plaintiff is requesting all other M.C.E. subsidiaries such as:
> Upholstery Shop, Print and sign Shop, Rustin Creations, Furniture
> Shop, Prison Industry Enhancement Certified, Warehouse, Shipping,
> M.V.M., Vocational Education, Auto Mechanics, Welding
> Machining, Heavy and Agricultural Equipment Mechanics, M.C.E.
> Business office, Hobby Store, License Plate Factory and most
> importantly community worker be quarantined from M.C.E.
> employment.
>
> All defendants are in violation of Governor Steve Bullock's No Work
> / Stay at Home Quarantine order.  Placing M.S.P. prison population at
> risk of death from the coronavirus.
> Plaintiff is requesting the defendants submit all billing records to
> show the plaintiff, their compliance with Gov. Bullock's quarantine
> order until the Gov. lifts his order to shelter in place.

(Doc. 22.)  Defendants filed a response opposing the motion.  (Doc. 23.)  The Court agrees with Defendants that Mr. Clary's motion should be denied because it seeks relief against persons and entities which are not parties to this action, it seeks relief without a sufficient nexus to the claims raised in Mr. Clary's Complaint, and it does not meet the standard for a preliminary injunction.

As a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Montana Correctional Enterprises is not a party to this litigation and the Court should not issue an order against that entity in this action.

Similarly, the relief Mr. Clary seeks is not related to the claims raised in his Complaint.  "A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted."  *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).  In his Complaint, Mr. Clary alleged Defendants violated the Prison Rape Elimination Act by not reporting his sexual harassment complaint against corrections officer Bruno Kraus on October 31, 2018, by not removing Officer Kraus from contact with him, and that Officer Kraus hit him in

4

the testicles during a pat-search on December 12, 2018.  (Complaint, Doc. 1.)  The relief, however, that Mr. Clary seeks in his motion for injunctive relief has to do with the manner in which the Prison is responding to COVID-19 crisis.  The two are not related.

Absent a sufficient nexus between the claims raised in Mr. Clary's motion for injunctive relief and the claims set forth in the Complaint, the Court lacks authority to grant the relief requested.  *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015).  The Court should therefore, deny the motion for injunctive relief.

In addition, Mr. Clary has not met the standard for injunctive relief.  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A..BMH* & *Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely

5

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original).

Here, Mr. Clary has presented no evidence to support his request. He has not met his burden of showing that he is entitled to the relief sought in the motion.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Clary must file a copy of his initial disclosure statement as required by

Paragraph I(A) of the Court's Scheduling Order on or before April 24, 2020.

Further, the Court issues the following

## RECOMMENDATIONS

Mr. Clary's "Order, to Show Cause for Preliminary Injunction, and Temporary Restraining Order" (Doc. 22) as construed as a motion for temporary restraining order should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of April, 2020.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge

---

[1]Mr. Clary is entitled an additional three days after the period would otherwise expire.