# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY,<br><br>        Plaintiff,<br><br>vs.<br><br>REGINALD MICHAELS, LYNN GUYER, GALE BUTLER, SCOTT GRINDER, DENNIS KEELO, TERRIS HOSACK, CHRIS ZACHER, BRUNO KRAUS, and BILL WEDDINGTON,<br><br>        Defendants. | CV-19-66-H-BMM-JTJ<br><br><br><br>**ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 6, 2020. (Doc. 24). Neither party filed objections. The Court reviews for clear error any portion to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

Plaintiff Charles Clary has filed a motion for a temporary restraining order. (Doc. 22). Clary seeks a temporary restraining order to enjoin the defendants from defying Governor Bullock's stay-at-home order. (Doc. 22). The Magistrate Judge recommended that Clary's motion be denied because it seeks relief against non-parties, it seeks relief without a sufficient nexus to the claims in Clary's complaint, and it does not meet the standard for a preliminary injunction. (Doc. 24). The Magistrate Judge did not clearly err in concluding that Clary's motion should be denied.

Clary's motion seeks an injunction against defendants and against "M.S.P.," "Montana Correctional Enterprises," and various other subsidiaries. (*See* Doc. 22). Clary's motion does not name these entities in his complaint and the Court has no power to enjoin their activities. *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The Magistrate Judge also based his recommendation on the fact that Clary's complaint, which stems from an allegation that prison officials violated the Prison Rape Elimination Act, is unrelated to his instant motion, which requests relief based on the COVID-19 pandemic. (*Compare* Doc. 1 *with* Doc. 22). There is not a sufficient nexus between Clary's complaint and the requested injunctive relief.

*Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015).

Finally, the Magistrate Judge also concluded that Clary had not met the standard for a preliminary injunction. The Court agrees. A plaintiff seeking a preliminary injunction must establish that his claim is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Clary presented no evidence to demonstrate any of the above elements.

This Court finds no clear error in the Magistrate Judge's conclusion that Clary's motion for a temporary restraining order should be denied.

**IT IS ORDERED** that the Findings and Recommendations (Doc. 24) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Plaintiff Clary's motion for a temporary restraining order (Doc. 22) is **DENIED.**

DATED this 28th day of April, 2020.

_____
Brian Morris, Chief District Judge
United States District Court