IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES CLARY, | CV 19-00066-H-BMM–JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| REGINALD MICHAEL, LYNN GUYER, GAYLE BUTLER, SCOTT GRINER, DENNIS KEELE, TERESA HOSSACK, CHRIS ZACHER, BRUNO KRAUS, and BILL WEDDINGTON, | |
| Defendants[1]. | |

There are several pending motions in this matter, including Defendants' two motions for summary judgment. This order and findings and recommendation addresses all but the motions for summary judgment, which are the subject of another Findings and Recommendations. The motions considered here are all Plaintiff Charles Clary's[2]:  Motion to Compel (Doc. 31), Supplemental Motion to Compel and for Temporary Restraining Order (Doc. 32), Motion for Judicial

_____

[1] The caption has been amended to correct the spelling of the parties' names as notified by Defendants.
[2] Some of these captions differ from how Plaintiff labelled them upon filing. The Court has attempted to name the gravamen of the motion for clarity.

Resolution (Doc. 34), Motion for Leave to Conventionally File (Doc. 43), Motion

to Strike (Doc. 45), another Motion to Strike (Doc. 47), Motion for Continuance

(Doc. 52) and Motion for Subpoena (Doc. 53).

I.     Introduction

Plaintiff Charles Clary ("Clary") is a Montana State Prison ("MSP")

prisoner proceeding pro se on a 42 U.S.C. § 1983 claim against several State of

Montana Department of Corrections ("DOC") employees. In brief, Plaintiff alleges

that he reported a search or harassment that violated the Prison Rape Elimination

Act found at 34 U.S.C. § 30301 et seq. and then was subsequently assaulted by

another officer. (*See generally* Complaint in Doc. 1.) The details of Clary's

allegations are explained more thoroughly in the Court's consideration of the

motions for summary judgment.

II.    Analysis

A. Motion to Compel (Doc. 31) and Supplemental Motion to Compel
   and for Temporary Restraining Order (Doc. 32)

Plaintiff's motion to compel (Doc. 31) appears to request an order directing

Defendants to produce documents from DOC investigator reports; all MSP PREA

investigator reports; Bill Weddington's MSP Case No. 1807078 and MSP

1811132 case files; a copy of the separation needs order; and the names

of persons to whom the separation order was circulated. (Doc. 31 at 1-3.)

Plaintiff's motion was accompanied by 21 appendices and exhibits. Unfortunately,

Plaintiff did not follow Local Rule 26.3(c)(2), particularly by not producing Defendants' responses in a way that allows the court to evaluate their sufficiency.

The supplemental motion to compel and for TRO (Doc. 32) seeks production of emails in response to Plaintiff's third discovery requests and a TRO regarding a separation order from Defendant Krause. This motion has a ten-page Exhibit A, but again, Plaintiff's failure to comply with the Local Rules makes it difficult to understand exactly what he is requesting.

Defendants responded to both of these motions in a combined brief. (Doc. 33.) They make the salient point that Plaintiff has also failed to comply with L.R. 26.3, which requires the parties to confer before filing a discovery motion. This motion is the perfect example of why that rule exists—Defendants also have trouble understanding what Plaintiff seeks to compel, and a conference may have more quickly resolved the issue.

However, as to what can be discerned from the motions, Defendants respond as follows. Plaintiff requests compelled production of the DOC's investigation reports. Defendants claim they have not received a discovery request for this information, they do not possess it, and it is confidential criminal justice information under Mont. Code Ann. § 44-5-103(3)(a) and (6)(a), not to be released without a court order. These three reasons suffice to deny Plaintiff's motion to compel. Plaintiff cannot expect the Court to compel a request when he has not yet

made the request directly to Defendants himself. Further, if, as Defendants state,

they do not possess this information, they cannot be compelled to produce it.

Finally, it is likely the information would be unavailable to Plaintiff in any case

under Mont. Code Ann. § 44-5-103(3)(a) and (6)(a). That issue will not be decided

here, without briefing, and without a valid discovery request having been

promulgated.

As to Plaintiff's requests for all MSP PREA investigator reports, Bill

Weddington's MSP Case No. 1807078 and MSP 1811132 case file, and a copy of

the separation needs order, Defendants explain that they have produced what they

have, or have withheld documents and produced a privilege log. Due to the lack of

specificity of Plaintiff's requests, and taking Defense counsel at their word, there is

no need to compel further response.

Plaintiff seeks information about the people who knew of the separation

order, but Defendants claim there has been no formal discovery request that covers

this. They also assert that the initial order was verbal, so there are no written

records related to the initial order. (Doc. 33 at 8 - 9.) The Court will not compel

responses to discovery requests that have not been served.

Plaintiff's supplemental motion (Doc. 32) seeks responses to Plaintiff's third

set of requests for production, which are:

Pursuant to Rule 34 of Fed. R. Civ. P. you are required to answer the
following discovery request in producing all emails in conjunction

4

with all MSP staff whom have submitted a defendant report.

1) Amber Graham was assigned as retaliatory monitor. Plaintiff need emails and case notes. 2) Montana Board of Pardons and Parole retaliatory three year flop.

Defendants find this request inscrutable, as does the Court. Defendants will not produce all emails of all MSP staff, or even of the named Defendants, as that request is overly broad. Defendants claim to have provided what is responsive, and the Court will not compel further response. Further, Defendants do not possess whatever documents would be in the hands of the Montana Board of Pardons and Parole. Whatever decisions they made are beyond the scope of what is available from Defendants.

Plaintiff's request for a TRO, which appears to be to have an ongoing separation order against Bruno Kraus, is unavailing, as was his last. In this Court's order of April 6, 2020, the legal test for a TRO was explained. (Doc. 24 at 5.) Plaintiff still fails to carry his burden, and what exactly he seeks is not clear. His Appendix attached to the motion shows he has filed grievances requesting separation from Bruno Kraus (Doc. 32-1, at 2-3), but he has provided the Court no legal grounds upon which to assess a request for a temporary restraining order. The motion should be denied.

B.  Motion for Judicial Resolution (Doc. 34)

Plaintiff's "Motion for a Judicial Resolution on a Montana Constitutional

5

Decreed [sic]" asks this Court to parse the meaning of Art. 3, Section 7, of

Montana's 1889 Constitution, as submitted in an exhibit. (Doc. 34-1.) Defendants

timely responded. (Doc. 44.)

Setting aside the general irrelevance of the superceded 1889 Constitution to

any ongoing legal proceeding, the Court declines to provide a "resolution"

regarding this section. This Court's judiciary power extends to those matters

forming a case or controversy. U.S. Constitution, Art. III, § 2. "(T)he federal courts

established pursuant to Article III of the Constitution do not render advisory

opinions. For adjudication of constitutional issues 'concrete legal issues, presented

in actual cases, not abstractions' are requisite." *Golden v. Zwickler*, 394 U.S. 103,

108 (1969) (internal citations omitted.) To rule on Plaintiff's motion would be to

offer an advisory opinion without meaning in the context of this litigation. The

motion is denied.

C.  Plaintiff's Motion for Leave to Conventionally File (Doc. 43)

Plaintiff seeks to file a copy of Defendants' discovery production in support

of his motion to strike, though it appears he has not yet filed a corresponding

motion and brief. In any event, the motion is denied. The Court does not need

anything more than a written representation by Plaintiff in his filing as to the

volume of the papers filed, if it is appropriate to his argument about Defendants'

discovery production.

    D. Plaintiff's Motion to Strike (Doc. 45) and Second Motion to Strike (Doc. 47)

Plaintiff moves to strike all of Defendants' and State Employees' statements not accompanied by an oath or affirmation. (Doc. 45.) Plaintiff also moves to strike "Defendants objection of promissory estoppel to the 4th Amend[.] of the U.S. Constitution through the 14th Amend[.] of the U.S. Constitution." (Doc. 47.) Defendants filed a combined response brief to both motions. (Doc. 48.)

Defendants' affidavits and declarations comply with Fed. R. Civ. P. 56(c)(4), 28 U.S.C. § 1746, and the Federal Rules of Evidence, which are the operative standards by which this Court assesses the propriety of filed documents. Montana's 1889 Constitution—or even its 1972 Constitution—are not relevant. The motion to strike on the basis of a lack of oath or affirmation is denied.

Next, Plaintiff's Document 47 appears to continue his assertion that the Montana Constitution's oath requirement applies in this matter, though the intent of this filing is not entirely clear. However, he asserts that he is entitled to his Fourth and 14th Amendment rights under the U.S. Constitution, and the Court agrees with that proposition. To the extent Plaintiff is asking the Court to strike a document filed by Defendants, the motion is denied. The appropriate treatment for consideration of a legal question is to address it on its merits, not to strike the document itself.

    E. Plaintiff's Motion for Continuance (Doc. 52) and Motion for

Subpoena (Doc. 53)

Plaintiff's Document 52 is titled "Plaintiff Rebuttal to Defense Counsel, brief in support of Motion for Summary Judgment." The substance of Plaintiff's motion, however, appears to be a request for a 60-day continuance of discovery. He claims to need the time to pursue his subpoena of records from the Powell County Prosecutor's Office, in order to "confirm or deny the withholding of the 12/12/18 sexual assault from state prosecutors[,]" and "clean up all deficiencies in my pleading[.]" Doc. 52 at 2. Defendants filed a combined response to this motion and Plaintiff's motion for subpoena.[3]

The Court shares Defendants' puzzlement at the relief sought and intention in these filings. The procedural history of Plaintiff's many motions is laid out in Defendants' brief. (Doc. 55 at 3-4.) Plaintiff's Motion to Strike in Document 46 has been construed by the Court as his response to Defendants' motion for summary judgment; the Court considers it as such in its review of the motions for summary judgment. (Defendants object to consideration of these documents (Doc. 55 at 13), but the Court will construe the pro se Plaintiff's filings liberally and consider them as his response to the motions for summary judgment.)

As Defendants point out, Plaintiff's other motions are themselves overdue,

---

[3] Defendants also responded, in Doc. 55, to Plaintiff's Statement of Undisputed Fact. The Court takes up that document in its consideration of Defendants' motions for summary judgment.

according to the Court's scheduling order, and his request for an extension is also overdue, based on Fed. R. Civ. P. 6(b)(1)(a). The Amended Scheduling Order in this matter, extended on Plaintiff's prior motion, ordered all discovery requests to be served by June 20, 2020, and all discovery completed by July 15, 2020. (Doc. 27 at 2.) That order explicitly stated that the schedule "will not be modified except…on a showing of good cause and only if a request is made before the expiration of the deadline at issue." (Doc. 27 at 1.)

Plaintiff has provided no justification for the delay in filing these motions, and the Court does not anticipate that additional time will result in an appreciably fuller record. Plaintiff waited until after Defendants had filed their potentially dispositive motions to request further discovery, and that is too late.

Plaintiff does request a subpoena to a non-party, which may be the only method by which the record could be supplemented, but it is not clear to the Court that such supplementation would in any way change the claims Plaintiff has against the Defendants or even shed light on their viability. The request is for the Powell County Prosecutor's office to turn over documents "from the Department of Corrections along with Montana State Prison investigative documentation" concerning Clary and Kraus, and the December 12, 2018 incident. (Doc. 53 at 1.) Presumably, Plaintiff already has these documents from Defendants themselves, to the extent they are disclosable.

9

The authorization of a subpoena duces tecum requested by a forma pauperis litigant is subject to limitations. *Alexander v. California Dep't of Corr.*, 2010 WL 5114931 (E.D. Cal. Dec. 9, 2010).  Because personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *See Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D.Cal.) (citation omitted). The referral of Plaintiff's assault claims to Powell County can have no relevance to whether Plaintiff was retaliated against in MSP, or whether his PREA claims were properly handled within MSP. If he is seeking discovery for the purpose of other litigation against Powell County, that is certainly not a proper reason to extend the litigation in this matter. Finally, the Court ordered all discovery requests to be served by June 10, 2020. Plaintiff wholly failed to meet these deadlines or to comply with the scheduling order regarding subpoenas. The motion is denied.

Based on the foregoing, the Court ORDERS and RECOMMENDS:

1.  Plaintiff's Motion to Compel (Doc. 31) is DENIED;

2.  Plaintiff's Supplementary Motion to Compel (Doc. 32) is DENIED as to the compulsion of discovery. This motion SHOULD BE DENIED as to the temporary restraining order.

3.  Plaintiff's Motion for Judicial Resolution (Doc. 34) is DENIED;

4.  Plaintiff's Motion for Leave to Conventionally File (Doc. 43) is

10

DENIED;

5.  Plaintiff's Motion to Strike (Doc. 45) is DENIED;

6.  Plaintiff's Second Motion to Strike (Doc. 47) is DENIED;

7.  Plaintiff's Motion for Continuance (Doc. 52) is DENIED; and

8.  Plaintiff's Motion for Subpoena (Doc. 53) is DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days.

*See* 28 U.S.C. § 636(b)(1).[4]  Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

DATED this 9th day of March, 2021.

John Johnston
United States Magistrate Judge

---

[4]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.